# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VANN LAMONT BAILEY,<br>        Plaintiff,<br>vs.<br>CARL MARCUS, ESQ.,<br>        Defendant. | ) <br>) <br>) Civil Action No. 13-255<br>) <br>) Judge Joy Flowers Conti/<br>) Magistrate Judge Maureen P. Kelly<br>) <br>) |

## **REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, the Complaint be dismissed for failure to state a claim upon which relief can be granted. To the extent that Plaintiff is attempting to state a legal malpractice claim, the Court should decline to exercise supplemental jurisdiction over such a state law claim.

**II. REPORT**

Vann Lamont Bailey, ("Plaintiff") has filed a civil rights Complaint, alleging that his constitutional rights were violated by the Defendant, Attorney Carl Marcus ("Marcus"), who was the criminal defense attorney for Plaintiff during Plaintiff's Post Conviction Relief Act ("PCRA") proceedings in state court. ECF No. 3 at 6, ¶ 6. Plaintiff alleges Marcus violated Plaintiff's due process rights and Fourth Amendment liberty rights when Marcus was ineffective during the PCRA proceedings. Plaintiff also alleges Marcus engaged in legal malpractice. Id. at 2, ¶ III. Plaintiff alleges that the date of the events that gave rise to the instant suit occurred on or around May 27, 2011. Because Plaintiff seeks to sue Defendant Marcus for actions he took as Plaintiff's counsel and because counsel does not act under color of state law as is required to

make out a claim under 42 U.S.C. § 1983, or under 28 U.S.C. § 1343(a)(3), this case must be dismissed before being served upon the Defendant for failing to state a claim upon which relief can be granted. To the extent that Plaintiff makes a legal malpractice claim against Marcus, the Court should decline to exercise supplemental jurisdiction over the state law claim.

### A. PROCEDURAL BACKGROUND

At the time of the initiation of this civil action, Plaintiff was a prisoner in the State Correctional Institution at Huntingdon ("SCI-Huntingdon"). Plaintiff is proceeding pro se and his Motion for Leave to Proceed In Forma Pauperis ("IFP Motion") has been granted. ECF No. 2. Service of process has not yet been made on the Defendant.

### B. APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status, the screening provisions of the PLRA apply. See 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

In performing the Court's mandated function of *sua sponte* review of complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and in applying the standards applicable to a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

### C. DISCUSSION

#### 1. Defense Counsel Did Not Act "Under Color of State Law"

Plaintiff specifically invokes 42 U.S.C. § 1983, as the jurisdictional basis for this case. ECF No. 3 at 5, ¶ 1. Plaintiff also invokes 28 U.S.C. § 1343(a)(3).[1] Id.

---

[1] 28 U.S.C. § 1343(a)(3) provides in relevant part as follows:

> (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
> . . .
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the asserted misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988).

Actions under 28 U.S.C. § 1343(a)(3), also require that the defendant act "under color of state law." See, e.g., Jackson v. Salon, 614 F.2d 15, 16 – 17 (1st Cir. 1980).

Plaintiff complains of actions taken by Attorney Marcus in relation to his conduct as Plaintiff's attorney during the PCRA proceedings in the Court of Common Pleas of Allegheny County. Plaintiff complains that Attorney Marcus made egregious errors of fact in the two amended PCRA petitions which Marcus filed on behalf of Plaintiff. Plaintiff further complains that Marcus was supposed to file a PCRA petition in only one of Petitioner's criminal cases but instead Marcus filed a second PCRA petition in another of Petitioner's criminal cases. ECF No. 3 at 6 ¶ ¶ 6 to 13. Plaintiff also claims that due to the actions or inactions of Marcus, Plaintiff lost his appeal rights. Id. at 7, ¶ 16. By way of relief, Plaintiff seeks money damages and injunctive relief in the form of restoring his appeal rights. Id. at 7, ¶¶ 17 to 19.

Complaints by a client against his criminal defense attorney fail to state a claim under Section 1983 and under Section 1343. The rule is that attorneys acting as a criminal defense attorney and/or as post-conviction counsel do not act under color of state law so as to come within the ambit of a Section 1983 suit or a Section 1343 suit. See, e.g., Polk County v. Dodson, 454 U.S. 312 (1981) (deciding case under Section 1983); Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980)(same); Jackson v. Salon, 614 F.2d 15, 16 – 17 (1st Cir. 1980) (deciding case under Section 1343).

4

In <u>Polk County</u>, a convict sued his public-defender-appellate counsel who moved to withdraw as appellate counsel because the public defender concluded that an appeal would be frivolous. The convict sued the public defender under Section 1983, claiming that her actions in moving to withdraw violated his right to counsel and, in failing to zealously advocate on his behalf, subjected him to cruel and unusual punishment and denied him due process of law. <u>Id</u>. at 315. Noting that to sustain a Section 1983 cause of action, it is necessary that the complaint reveal that the defendant acted under color of state law, the United States Supreme Court held in <u>Polk</u> that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Because it was based on such activities, the complaint against Shepard [the public defender] must be dismissed." <u>Id</u>. at 325.

Just as in <u>Polk</u>, the Complaint in this case alleges liability premised only upon Defendant Marcus' actions or inactions in performing the traditional functions of a lawyer as counsel to a criminal defendant. Even though the facts alleged or reasonably inferred may be troubling, the alleged acts and/or failures to act in the course of representing a criminal defendant-convict fall squarely within <u>Polk County</u>'s ambit of "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" and thus are not accomplished "under color of state law." <u>See</u>, <u>e.g.</u>, <u>Clark v. Vernon</u>, 228 F. App'x 128 (3d Cir. 2007) (PCRA counsel does not act under color of state law); <u>Smith v. Haith</u>, 978 F.2d 1261 (Table), 1992 WL 311787, at *5 (7th Cir. 1992) ("This principle [i.e., public defenders are not state actors] was applied in *Cornes v. Munoz*, 724 F.2d 61 (7th Cir. 1983), where a claim that a public defender was guilty of legal malpractice because of the failure to include certain claims on appeal was dismissed for failure to allege action 'under color of state law.'"), <u>cert</u>. <u>denied</u>, 507 U.S. 963 (1993). <u>See also</u>

5

Williamson v. Brooks, 215 F.3d 1331 (Table), 2000 WL 431542, at *1 (7th Cir. April 21, 2000) (even allegations of overbilling and improper withdrawal as opposed to actions taken by the attorney in the courtroom comes within Polk's ambit); Christman v. Commonwealth of Pennsylvania, 275 F.Supp. 434 (W.D. Pa. 1967) (actions accomplished by appointed counsel in a state collateral attack on the plaintiff's state conviction do not constitute acting under of color of state law and so fail to state a Section 1983 claim). Indeed, even accusations of malfeasance[1] in the course of representing a criminal defendant/post-conviction petitioner, such as Plaintiff may be making herein, are not enough to render the actions of a criminal defendant's attorney cognizable under either Section 1983 or Section 1343(a)(3). See e.g., Ponchik v. Kloak, No. 89 C 7319, 1989 WL 134683, at *1 (N.D. Ill. Oct. 19, 1989) ("Consequently [plaintiff] Ponchik's allegations of malfeasance on [Attorney] Kloak's part do not give rise to a claim cognizable under this Court's federal-question jurisdiction."). Because the Complaint fails to state a claim upon which relief can be granted under Section 1983 or Section 1343(a)(3), the Complaint should be dismissed.[2]

---

[1] Malfeasance is defined as "Evil doing, ill conduct. The commission of some act which is positively unlawful; the doing of an act which is wholly wrongful and unlawful. . . ." Black's Law Dictionary 862 (5th ed. 1979).

[2] It does not matter in this analysis whether the Plaintiff's attorney was privately retained, court appointed or a public defender because a criminal defense attorney does not act under color of state law irrespective of whether he is a public defender, a court appointed private attorney or a privately retained attorney. See, e.g., Ward v. Ghee, 8 F.3d 823 (Table), 1993 WL 410357, at *1 (4th Cir. 1993)("Defense attorneys do not act 'under color of' state law and are, therefore, not amenable to suit under § 1983, whether privately retained, Deas v. Potts, 547 F.2d 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982), or employed as public defenders, Polk County v . Dodson, 454 U.S. 312, 325 (1981).").

## 2. The Court Should Decline Supplemental Jurisdiction.

Given that we recommend dismissal of all of the federal law claims for failure to state a claim upon which relief can be granted, we also recommend that the Court decline to exercise supplemental jurisdiction over the state law claims of legal malpractice. See, e.g., Bonenberger v. Plymouth Township, 132 F.3d 20, 23 n.1 (3d Cir. 1997) ("where federal claims are dismissed before trial, the district court 'must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'") (quoting Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir.1995)). See also 28 U.S.C. § 1367(c)(3) which permits a district court to "decline to exercise supplemental jurisdiction over a [state law] claim ... if [it] has dismissed all claims over which it has original jurisdiction...."). Here, the appropriate considerations do not provide an affirmative justification for retaining jurisdiction over the state law claims of legal malpractice.

## III. CONCLUSION

For the reasons set forth herein, it is recommended that the federal law claims be dismissed for failure to state a claim upon which relief can be granted. It is further recommended that the Court decline to exercise supplemental jurisdiction over the state law claims of legal malpractice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right

to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

April 3, 2013

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Joy Flowers Conti
United States District Judge

Vann Lamont Bailey
BE-5699
S.C.I. Huntingdon
1100 Pike Street
Huntingdon, PA 16654