**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

VANN LAMONT BAILEY,        )
                      Plaintiff,     )
                            ) Civil Action No. 13-255
     vs.                 )
                            ) Judge Joy Flowers Conti/
                            ) Magistrate Judge Maureen P. Kelly
CARL MARCUS, ESQ.,       )
                   Defendant.   )

### <u>MEMORANDUM ORDER</u>

The above-captioned prisoner civil rights complaint (the "Complaint") was received by the Clerk of Court on February 19, 2013, and was ultimately referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules of Court, regarding magistrate judges.

The magistrate judge's Report and Recommendation (the "Report"), ECF No.6, filed on April 3, 2013, recommended that the Complaint filed by Vann Lamont Bailey ("Plaintiff") be dismissed for failure to state a claim pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(e). Service was made on Plaintiff at his address of record. On April 24, 2013, Plaintiff filed objections. ECF No. 7. The objections are addressed below.

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); <u>United States v. Raddatz</u>, 447 U.S. 667, 674–75 (1980). The court may accept, reject, or modify, in whole or in

part, the magistrate judge's findings or recommendations.  Id.  Although the standard of review is

_de novo_, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of

sound discretion, chooses to place on a magistrate judge's proposed findings and

recommendations.  Raddatz, 447 U.S. at 674–75; see Mathews v. Weber, 423 U.S. 261, 275

(1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

The Complaint in this case named only one defendant, i.e., Carl Marcus, Plaintiff's

attorney during PCRA proceedings in the state court.   The Complaint alleged that Attorney

Marcus deprived Plaintiff of constitutional rights in the course of representing Plaintiff during

the PCRA proceedings, in addition to alleging that Attorney Marcus engaged in legal

malpractice.  The factual basis of the Complaint was simply that Attorney Marcus made factual

mistakes in the PCRA petitions; namely, stating that an attorney had represented Plaintiff in

criminal proceedings who, in fact had not, and also stating that a district attorney had prosecuted

Plaintiff, who, in fact, had not.  In addition, Plaintiff complained that Attorney Marcus was to

file a PCRA petition about only one of Plaintiff's convictions, but in fact filed two PCRA

petitions, one challenging the correct conviction, and a second one challenging a different

conviction.  Lastly, Attorney Marcus was alleged to have misstated that the one of the PCRA

petitions was Plaintiff's first PCRA petition, when, in fact, the PCRA petition was Plaintiff's

fifth or  sixth attacking that particular conviction.  The Report recommended that the federal

claims against Attorney Marcus be dismissed because Attorney Marcus does not operate under

color of state law.  The Report further recommended that the court decline to exercise

supplemental jurisdiction over the state law claims.

Only two of Plaintiff's objections merit any discussion. First, Plaintiff cites to Finch v.

Miller, 491 F.3d 424, 427 (8th Cir. 2007), for the proposition that post-conviction counsel did act

under color of state law when failing to inform Plaintiff about his appeal rights.  ECF No. 7 at 4,

¶ C.  In fact, <u>Finch</u> stands for the precise opposite proposition.  <u>Finch</u>, 491 F.3d at 427 ("Finch

also claims impediment because his post-conviction counsel failed to inform him of appeal rights

after denial of his first post-conviction application in 1998. An impediment to filing, however,

must be created by *state action*. 28 U.S.C. § 2244(d)(1)(B); *see Polk County v. Dodson*, 454 U.S.

312, 324-25, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) ('a public defender does not act under color

of state law when counsel to a defendant in a criminal proceeding'); *Holbird v. Armstrong-*

*Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) (finding conduct of counsel, whether retained or

appointed, does not constitute state action)").

Second, in his objections, Plaintiff asserts that "Defendant [sic, should be Plaintiff]

received a letter Reading:  He (defendant) spoke with the Judge and District Attorney (D.A.)

Defendant never let Plaintiff know what was said.  The defendant just asked for More Money. . .

. There is Admissible Evidence that the defendant, Judge and the district attorney (D. A.) are

Guilty of Conspiring Against the Plaintiff."  ECF 7 at 3.  While it is true that a non-state actor

could become a state actor by conspiring with state actors,[1] Plaintiff's conclusory allegations of

conspiracy among Attorney Marcus, the state court judge and the district attorney are simply

insufficient.  There is no allegation of conspiracy contained in the Complaint.  Even if the

objections are deemed to amend the Complaint, the conclusory allegation of conspiracy is simply

insufficient.  <u>Rose v. Bartle</u>, 871 F.2d 331, 366 (3d Cir. 1989)("[t]he allegations [of conspiracy]

must be sufficient to 'describe the general composition of the conspiracy, some or all of its broad

objectives, and the defendant's general role in that conspiracy.'").  The requirement that

conspiracy allegations not be conclusory is only met "where the complaint sets forth a valid legal

---

[1]  <u>Kash v. Honey</u> 38 F. App'x 73, 75-76 (2d Cir. 2002).

theory and it adequately states the conduct, time, place, and persons responsible." Adams v.
Teamsters Local 115, 214 F. App'x 167, 175 (3d Cir. 2007).  Indeed, what the court in Adams
said about the conspiracy allegations in that case, applies equally here, i.e., the conspiracy
"allegation[s] do[] not provide any facts regarding the time, place, or conduct of the alleged
conspiracy" and the allegations constitute "a conclusory statement that is insufficient to meet the
[Plaintiff's] burden to state a claim for relief." Adams, 214 F. App'x at 176.

Any further attempt at an amendment would be futile given that, at most, what the
Complaint reveals is mistakes made by Attorney Marcus in the course of preparing Plaintiff's
PCRA petitions and nothing in the objections cures the defect.[2]   The facts allege at most
negligence on the part of Attorney Marcus.  Allegations of negligence simply fail to state a
constitutional claim.   Daniels v. Williams, 474 U.S. 327, 333 (1986) ("injuries inflicted by
governmental negligence are not addressed by the United States Constitution");  Woodward v.
City of Worland, 977 F.2d 1392, 1399 (10th Cir. 1992)("[L]iability under § 1983 must be
predicated upon a 'deliberate' deprivation of constitutional rights by the defendant,' and not on
negligence.");  Kwasnik v. LeBlon, 228 F. App'x 238,  244 (3d Cir. 2007) ("Liberally construing
the Amended Complaint, as we must, we conclude that the allegations, and reasonable inferences
drawn therefrom, at best, merely state a negligence claim. Negligence claims are not cognizable
under § 1983.").  Given that the Complaint fails to state a federal claim upon which relief can be
granted, further amendment of the Complaint to try to correct the deficiencies in the allegations

---

[2]  Coulter v. Ramsden, No. 12-3685, 2013 WL 163970, at *3 (3d Cir. 2013)  ("Last, a formal
amendment to the complaint was unnecessary, because the objections Coulter filed on July 27,
2012 served the same purpose as an amendment in that Coulter used them to cure the defects in
her complaint. See generally Urrutia v. Harrisburg Cnty. Police Dept., 91 F.3d 451, 454 (3d
Cir.1996) (if amendment will cure defects in complaint, it must be permitted). After Coulter
clarified her cause of action, it then was clear that a formal amendment would be futile, see
Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002), because of the insufficient
factual assertion of the existence of a conspiratorial agreement.").

of conspiracy would be futile.  <u>Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.</u>, 172 F.3d 238, 254

(3d Cir. 1999) ("[i]n order to prevail on a conspiracy claim under § 1983, a plaintiff must prove

that persons acting under color of state law conspired to deprive him of a *federally protected*

*right*.") (emphasis added), *superseded by statute on other grounds as recognized in*, <u>Gannaway</u>

<u>v. Berks County Prison</u>, 439 F. App'x 86 (3d Cir. 2011); <u>accord</u> <u>Eskridge v. Hawkins</u>, Civ.A.

No. 05-2352, 2006 WL 2303014, at *7 (E.D.Pa. 2006)("To establish a conspiracy claim under §

1983, 'a plaintiff must prove that persons acting under the color of state law conspired to deprive

him of a federally protected right .").[3]

Accordingly, after *de novo* review of the pleadings and the documents in the case,

together with the Report and Recommendation, the following order is entered:

---

[3]   Absent a showing of an underlying violation of a federal right, no claim for conspiracy under §
1983 can be established.

> "Provided that there is an underlying constitutional deprivation, the conspiracy
> claim allows for imputed liability; a plaintiff may be able to impose liability on
> one defendant for the actions of another performed in the course of the
> conspiracy." *Dixon* 898 F.2d at 1449 n. 6. . . .
>
> "'Section 1983 does not, however, punish conspiracy; an actual denial of a
> civil right is necessary before a cause of action arises....' " *Andree [v. Ashland
> County]*, 818 F.2d at 1311 (*quoting Goldschmidt v. Patchett*, 686 F.2d 582, 585
> (7th Cir. 1982)) . . . .
>
> "While the existence of a conspiracy otherwise may supply the element of
> state action and expand the scope of liability through the concept of imputation, §
> 1983 does not provide a cause of action *per se* for conspiracy to deprive one of a
> constitutional right. Without an actual deprivation, there can be no liability under
> § 1983." *Defeo*, 810 F.Supp. at 658;. . . .
>
> "A conspiracy may be charged under section 1983 as the legal mechanism
> through which to impose liability on all of the defendants without regard to who
> committed the particular act, but 'a conspiracy claim is not actionable without an
> actual violation of section 1983.'" *Hale v. Townley*, 45 F.3d 914, 920 (5th
> Cir.1995) (citation omitted). . . .  This is because the "gist of the cause of action is
> the deprivation and not the conspiracy." *Lesser v. Braniff Airways, Inc.*, 518 F.2d
> 538, 540 n. 2 (7th Cir. 1975) . . . .

<u>Holt Cargo Sys., Inc. v. Delaware River Port Auth.</u>, 20 F.Supp.2d 803, 843 (E.D.Pa. 1998).

**AND NOW**, this 31st day of May, 2013;

**IT IS HEREBY ORDERED** that the Complaint is dismissed pursuant to the Prison Litigation Reform Act for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the Report and Recommendation, ECF No. 6, filed on April 3, 2013, by Magistrate Judge Kelly, is adopted as the opinion of the Court as supplemented by this Order.  The clerk is to mark the case closed.

Lastly, the court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith.

Date:  May 31, 2013

/s/ Joy Flowers Conti
JOY FLOWERS CONTI
UNITED STATES DISTRICT JUDGE

cc:	The Honorable Maureen P. Kelly
	United States Magistrate Judge

	Vann Lamont Bailey
	BE-5699
	S.C.I. Huntingdon
	1100 Pike Street
	Huntingdon, PA 16654